UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHNSON LAW, PLC,

    Plaintiff,                                                 Civil Action No. 19-CV-11786

vs.                                                        HON. BERNARD A. FRIEDMAN

SENTINEL INSURANCE CO., LTD.,

    Defendant.
_____/

**OPINION AND ORDER DENYING
PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

This matter is presently before the Court on plaintiff's motion for summary judgment [docket entry 9]. Defendant has responded and plaintiff has replied. Pursuant to E.D. Mich. LR 7.1(f)(2), the Court shall decide this motion without a hearing. For the reasons stated below, the Court shall deny the motion.

This case involves a dispute over insurance coverage. In September 2014 plaintiff's law offices were severely damaged by flooding when the water tower on the top of its building leaked. Much of plaintiff's furniture and office equipment, and many of its client files, were damaged or destroyed. Plaintiff, which had to relocate to dry office space for three and one-half months while repairs were made, also lost business income. Plaintiff filed a claim with its insurer, defendant Sentinel Insurance Co., Ltd., which adjusted the claim to plaintiff's satisfaction as to the property damage. However, a dispute arose over plaintiff's claim for lost business income. Plaintiff submitted this portion of its claim on July 9, 2015. On July 21, 2015, defendant requested additional documentation, some of which plaintiff provided on October 12, 2015. Approximately eight months later, in June 2016, defendant advised plaintiff of its

determination that plaintiff had suffered no business loss. The matter was then statutorily appraised pursuant to Mich. Comp. Laws § 500.2833(1)(m). On November 10, 2017, the appraisal panel issued an award setting plaintiff's business income loss at $700,000. Defendant paid this amount on November 20, 2017, but it denied plaintiff's demand for penalty interest.

In the instant action, plaintiff seeks penalty interest, pursuant to Mich. Comp. Laws § 500.2006(4)[1] at the statutory 12% rate. In its complaint, plaintiff alleges that the interest period should run from "September 7, 2017 [sic: 2015], 60 days after Defendant received Plaintiff's claim, and continuing until Plaintiff received payment on November 20, 2017." Compl. ¶ 14. Using these dates, plaintiff calculates the interest owed at $185,103.62. *Id.* ¶ 15. In its summary judgment motion, plaintiff argues that the interest period should run instead from December 11, 2015 (on the grounds that defendant received satisfactory proof on October 12,

---

[1] Section 500.2006(4) states:

> If benefits are not paid on a timely basis, the benefits paid bear simple interest from a date 60 days after satisfactory proof of loss was received by the insurer at the rate of 12% per annum, if the claimant is the insured or a person directly entitled to benefits under the insured's insurance contract. If the claimant is a third party tort claimant, the benefits paid bear interest from a date 60 days after satisfactory proof of loss was received by the insurer at the rate of 12% per annum if the liability of the insurer for the claim is not reasonably in dispute, the insurer has refused payment in bad faith, and the bad faith was determined by a court of law. The interest must be paid in addition to and at the time of payment of the loss. If the loss exceeds the limits of insurance coverage available, interest is payable based on the limits of insurance coverage rather than the amount of the loss. If payment is offered by the insurer but is rejected by the claimant, and the claimant does not subsequently recover an amount in excess of the amount offered, interest is not due. Interest paid as provided in this section must be offset by any award of interest that is payable by the insurer as provided in the award.

2015), and that based on this later commencement date the interest owed is $163,397.26. Pl.'s Mot. for Summ. J. ¶¶ 25, 27. In its reply brief, plaintiff seeks either $163,397.26 (assuming defendant received satisfactory proof in October 2015) or $121,512.32 (assuming defendant received satisfactory proof in April 2016). Pl.'s Reply at 6 n.2.

Plaintiff bases its claim that penalty interest began accruing in September 2015 on its allegation that "[o]n July 9, 2015, Plaintiff submitted its business income and extra expense loss claim with supporting documentation to Defendant . . . said submission constituting satisfactory proof of loss." Compl. ¶ 6. In support of its alternative argument that interest began accruing on December 11, 2015, plaintiff states that it complied with defendant's request for additional information on October 12, 2015, and that defendant did not respond until eight months later, when it denied this portion of the claim. Plaintiff notes that under § 500.2006(1) and (4), payment of a claim is deemed to be untimely if it is not made within sixty days after the insurer receives satisfactory proof of the loss, and that under § 500.2005(3) if an insurer is not satisfied with the proof the insured submits with a claim, the insurer must "specify in writing the materials that constitute a satisfactory proof of loss not later than 30 days after receipt of a claim." Since defendant did not specify in writing any additional "materials that constitute a satisfactory proof of loss" after plaintiff made its October 12, 2015, submission, plaintiff argues that this submission must be deemed to have been satisfactory and that any payment made more than sixty days thereafter (i.e., after December 11, 2015) is untimely. In support of its argument that interest may have begun accruing in April 2016, plaintiff states that it submitted additional information in support of its claim in February 2016. Pl.'s Reply at 6.

Defendant argues that no penalty interest is due because plaintiff did not submit

satisfactory proof of its business income loss until October 31, 2017, days before the appraisal. Defendant also indicates that although it requested in July 2015 that plaintiff provide additional documentation to support its claim, plaintiff provided only some of the requested information in October 2015, and that certain information that defendant deemed indispensable, including plaintiff's "case count" and fee agreements and the identity of cases plaintiff claimed it lost due to the water damage event, was never provided. Def.'s Resp. Br. at 5-6; Tarchala Aff. ¶¶ 3-12. Additionally, defendant indicates that the appraisal was based on plaintiff's 2016 federal income tax return, which plaintiff first showed defendant at or immediately prior to the appraisal. Def.'s Resp. Br. at 12; Tarchala Aff. ¶ 21.

This case cannot be resolved on summary judgment. Resolution of the case depends on when defendant received "satisfactory proof of loss," Mich. Comp. Laws § 500.2006(4), and this issue is disputed. Notably, the statute requires "satisfactory proof," not any proof, some proof, or partial proof. As this Court has noted,

> "whether proof of loss was satisfactory is a question of fact." *Griswold Props.*, 740 N.W.2d at 677; *see also Reynolds v. Great Am. Ins. Co. of N.Y.*, 328 Mich. 391, 43 N.W.2d 901, 904 (Mich.1950); *cf.* 14 John J. Dvorske, *Michigan Civil Jurisprudence* § 501 (West 2012) ("Whether an insurance claim is reasonably in dispute, for purposes of statutory penalty interest, is a question of fact."). Likewise, "whether an insured substantially complied with a proof-of-loss requirement is often a question of fact not to be decided on summary disposition." *Korn v. Paul Revere Life Ins. Co.*, 382 F. App'x 443, 448 (6th Cir.2010) (per curiam); *see generally* Lee R. Russ et al., *Couch on Insurance* § 186:26 (3d ed. 1995) ("When disputed, the sufficiency of proofs of loss is ordinarily a question of fact for the jury if there is evidence upon which to support a finding in favor of sufficiency.").

*Great Lakes Geophysical, LLLP v. Travelers Prop. Cas. Co.*, No. 13-10830, 2013 WL 3850938, at

*8 (E.D. Mich. July 25, 2013).  In the present case, there are obvious factual disputes as to when (July 2015?  October 2015?  April 2016?  October 2017?) or whether plaintiff provided defendant with satisfactory proof of its lost business income.  A jury, not the Court, must resolve this dispute.  Accordingly,

        IT IS ORDERED that plaintiff's motion for summary judgment is denied.


                                      s/Bernard A. Friedman
                                      BERNARD A. FRIEDMAN
Dated:  November 10, 2020        SENIOR UNITED STATES DISTRICT JUDGE
       Detroit, Michigan